| | |
|---|---|
| JURJITA VAICAITIENE, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>- against –<br><br>PARTNERS IN CARE, INC.; AND VISITING NURSE SERVICE OF NEW YORK, INC.;<br><br>                    Defendants. | **No. 04 Civ. 9125 (RMB)**<br><br>**COMPLAINT AND JURY TRIAL DEMAND**<br><br>**ECF CASE** |

Plaintiff, Jurjita Vaicaitiene, by her attorneys, the LAW OFFICES OF KARL J. STOECKER, for her complaint on behalf of herself and all others similarly situated, alleges as follows:

**INTRODUCTORY STATEMENT**

1.  Plaintiff brings this action as a collective action pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA or the "Act") on behalf of herself and all other current and former employees of the defendants who were not paid in accordance with the Act's minimum wage provisions. Like many of defendants employees, plaintiff was required to work in excess of forty hours per week, but was not paid overtime compensation at the rate of one and a half of her regular rate of pay for each hour worked in excess of forty hours.  By this action plaintiff seeks to

recover back pay on behalf of herself and similarly situated employees and to enjoin defendants from further violations of the FLSA.

    2.   Plaintiffs bring their claim under the New York State Labor Law on behalf of a class consisting of residents of New York State who are current or former employees of defendants who were not paid in accordance with the overtime provisions of the New York State Labor Law and regulations.

## JURISDICTION AND VENUE

    3.   This action arises under the Fair Labor Standards Act., 29 U.S.C.A. § 216, et seq. and the New Yrok Labor Law § 160 and 12 NYCRRR § 142-2.2.  This court has jurisdiction of the action pursuant to 29 U.S.C.A. § 216(b) and 28 U.S.C.A. § 1331. This Court has supplemental jurisdiction of plaintiff's claims under the New York State Labor Law pursuant to 28 U.S.C. § 1367(a). Venue is proper in this judicial district pursuant to 28 U.S.C.A. § 1391(b) and (c).

## PARTIES

    4.   Plaintiff is a resident of Brooklyn, New York.  She was employed as a home health aide by defendant

Partners in Care, Inc. ("Partners") from in or about October 2002 through March of 2004.

5. Defendant Partners is upon information and believe a New York corporation with its corporate headquarters and principal place of business located at 1250 Broadway, New York, New York. Upon information and believe, defendant Partners is a wholly owned subsidiary of defendants Visiting Nurse Service of New York ("VNSNY").

6. Defendant VNSNY is upon information and believe a New York corporation with its corporate headquarters and principal place of business located at 1250 Broadway, New York, New York. Upon information and belief VNSNY is the parent corporation of defendant Partners.

7. Upon information and belief Partners and VNSNY are a single integrated enterprise with interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

8. Upon information and believe VNSNY is an "employer" within the meaning of 28 U.S.C. § 203(d), in that it acted "directly or indirectly in the interest" of Partners in relation to all of Partner's employees and at all relevant times possessed and exercised the authority to hire and fire employees, to supervise, direct and control

3

their work, and to prescribe their work hours and rate of pay.

### SUBSTANTIVE ALLEGATIONS

9. Partners and VNSNY provide nursing, home health aide and companionship services to aged and infirm individuals. Its home health aides assist clients with personal care, bathing, dressing and feeding as well as housekeeping, shopping, laundry and other matters. Plaintiff was employed by Partners as a home health aide.

10. Plaintiff and upon information and belief, her fellow home health aides, routinely worked substantial amounts of overtime while employed by the defendants, but were not paid time and a half of their regular rate of pay for all hours worked in excess of forty hours in a work-week.

### CLASS ACTION ALLEGATIONS

11. Plaintiff brings her claims for violation of the overtime provisions of the New York State Labor Law as a class claim pursuant to Fed. R. Civ. P. 23(a), and (b)(3) on behalf of a Class consisting of residents of New York State who, at any time during the past six years, were employed by defendants as home health aides, and were not paid overtime for each hour worked in excess of forty hours per week.

12. The class is so numerous that the joinder of all members is impracticable. Plaintiff estimates that there are at least several hundred Class members most of whom would not likely file individual suits because they lack adequate financial resources or access to lawyers and fear reprisal from defendant.

13. Plaintiff's claims under the New York State Labor Law are typical of all Class members' claims because, like all Class members, plaintiff was not paid appropriate amounts of overtime compensation.

14. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in the fields of labor law and class litigation, and particularly wage and hour litigation. Plaintiff has no interest that is contrary to or in conflict with the Class.

15. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members of the Class is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the Class individually to seek redress for the wrongs done

to them.  There will be no difficulty in the management of this action as a class action.

16. Questions of law and fact common to the members of the Class predominate over any questions that may affect only individual members because defendants have acted on grounds generally applicable to the entire Class. Among the questions of law and fact common to the Class are whether defendants maintained a policy and practice of failing to pay overtime compensation and whether that violation was willful.

17. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
(Violation of the Fair Labor Standards Act,
29 U.S.C. §207 *et seq.*)

18. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 17 above.

19. The FLSA obligated defendants to pay plaintiff, and similarly situated employees, overtime compensation at one and one-half of plaintiff's regular rate of pay.

20. Defendant violated the FLSA by failing to pay plaintiff, and similarly situated employees, at a rate

of one and one half of their regular rate of pay for all hours worked in excess of forty hours per week.

21. Defendant knew or willfully and/or recklessly disregarded that its conduct alleged herein violated the FLSA.

22. As a result of the wrongful conduct alleged herein, plaintiff and similarly situated current and former employees of the defendants have suffered damages.

### SECOND CAUSE OF ACTION
(Violation of New York State Labor Law § 160 and 12 NYCRR § 142-2.2)

23. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 17 above.

24. New York State Labor Law § 160 and 12 NYCRR § 142-2.2 obligated defendants to pay plaintiff, and members of the Class, overtime compensation at the rate of one and one-half of their regular rate of pay.

25. Defendants violated New York State Labor Law § 160 and 12 NYCRR § 142-2.2 by failing to pay plaintiff and members of the Class at a rate of one and one half of their regular rate of pay for all hours worked in excess of forty hours per week.

26. Defendants knew or willfully and/or recklessly disregarded that its conduct alleged herein violated New York State Law.

27.  As a result of the wrongful conduct alleged herein, plaintiff and members of the Class have suffered damages.

WHEREFORE, plaintiff prays that the Court grant them and similarly situated employees the following relief:

    a.  An award of their actual damages arising from defendants' violations of the FLSA's overtime provisions in an amount to be determined at trial;

    b.  An award of Class members' actual damages arising from defendant's violations of the New York Labor Law's overtime provisions;

    c.  An award of liquidated damages on plaintiffs' claims asserted under the FLSA;

    d.  An order enjoining the defendant from engaging in the future in the wrongful practices alleged herein;

    e.  An award of reasonable attorney's fees and the costs of this action; and

    f.  Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims stated herein.

Dated: November 18, 2004
      New York, New York

                         Respectfully submitted,

                         LAW OFFICES OF KARL J. STOECKER

                         By:_____
                         Karl J. Stoecker (KS-6034)
                         275 Madison Avenue
                         New York, New York 10016
                         Telephone: (212) 818-0080