USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/05

# CADWALADER

Cadwalader, Wickersham & Taft LLP
New York  London  Charlotte  Washington  Beijing

One World Financial Center, New York, NY 10281
Tel 212 504 6000  Fax 212 504 6666
www.cadwalader.com

February 2, 2005

**BY HAND**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
40 Centre Street
Courtroom 706
New York, New York  10007



Re:   Vaicaitiene v. Partners In Care, Inc. and Visiting
       Nurse Service of New York, Inc., 04 Civ. 9125 (RMB)

Dear Judge Berman:

As counsel for defendants in the above-referenced proceeding, we write in accordance with Section 2A of Your Honor's "Individual Practices" in anticipation of filing a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). The basis for the motion is as follows:

Plaintiff has brought this action to recover overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). By her complaint, plaintiff alleges that she is a home health aide formerly employed by defendants, and that she has been denied overtime wages for work she performed in excess of forty hours per week. Complaint, ¶ 1, 4. Defendants wish to file a motion to dismiss this action on the grounds that FLSA and its regulations provide that employers are <u>not</u> required to pay overtime wages to home health aides, since home health aides fall within the "companionship services" exemption to FLSA. 29 U.S.C. § 213(a)(15). This exemption applies to employees who provide "fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her

**Kathy H. Chin**  Tel 212 504 6542  Fax 212 504 6666  kathy.chin@cwt.com

CADWALADER

Honorable Richard M. Berman
February 2, 2005

own needs." 29 C.F.R. § 552.6. In her complaint, plaintiff describes her employment duties as assisting "aged and infirm individuals" with "personal care, bathing, dressing and feeding as well as housekeeping, shopping, laundry and other matters." Complaint, ¶ 9.  By her own description, plaintiff plainly falls within the "companionship services" exemption to FLSA.

By regulation, employees performing companionship services are exempt notwithstanding the fact that they "are employed by an employer or agency other than the family or household using their services." 29 C.F.R. § 552.109(a). By operation of this regulation, home health aides employed by entities such as defendants have been exempt from FLSA for almost 30 years. As noted in prior correspondence to Your Honor, this regulation was declared unenforceable in a July 22, 2004 decision of the Second Circuit (see Coke v. Long Island Care at Home, 376 F.3d 118 (2d Cir. 2004)); however, at this time, no mandate has issued. After the petition for rehearing was denied, a motion to further stay the mandate pending the filing of a petition for certiorari was filed on January 17, 2005 and remains sub judice at this time.

If Coke is overturned, and the mandate never issues, the "companionship services" exemption remains available to defendants and plaintiff has no claim under FLSA. Without a FLSA claim, supplemental jurisdiction over plaintiff's second cause of action fails, and the complaint must be dismissed in its entirety. If Coke stands, plaintiff still has no basis for relief, since FLSA provides that no employer will be liable for failure to pay overtime if he relied upon an administrative regulation that is later determined by judicial authority to be invalid or of no legal effect. 29 U.S.C. § 259(a). During the time of plaintiff's employment, April 2002

# CADWALADER

Honorable Richard M. Berman
February 2, 2005

through March 2004 (Complaint, ¶ 4), the regulations undeniably exempted home health aides from FLSA. It was not until several months after plaintiff's employment had ended, on July 22, 2004, that the Second Circuit held 29 C.F.R. § 552.109(a) to be unenforceable. FLSA simply does not allow plaintiffs to require their employers to provide retroactive overtime pay for work performed during a time when they fell within a class of employees that was exempt from the overtime provisions of the Act.

Alternatively, defendants respectfully submit that in the unusual circumstances presented, the Court may in the interest of efficient disposition of these matters stay these proceedings pending a final decision in Coke. See Goldstein v. Time Warner New York City Cable Group, 3 F. Supp. 2d 423, 437-38 (S.D.N.Y. 1998).

If the Court deems it appropriate, we are available at the Court's convenience to appear for a pre-motion conference.

Respectfully,

*Kathy Chin*

Kathy H. Chin

cc:  Karl J. Stoecker, Esq.
     Attorney for Plaintiff
     (via facsimile)

> PL to respond with brief (2-3) pp letter by 2/10/05. Counsel thereafter to set conference with Court Deputy. There is no stay in the interim. Take up discovery issues with the Magistrate.
>
> SO ORDERED:
> Date: 2/3/05
> *Richard M. Berman*
> Richard M. Berman  U.S.D.