## LAW OFFICES OF KARL J. STOECKER

Phone: (212) 818-0080
Facsimile: (212) 684-4923

275 Madison Avenue, 28th floor, New York, NY 10016

kjs@kjslawfirm.com
www.kjslawfirm.com

February 9, 2005



**BY HAND**
Honorable Richard M. Berman
United States District Judge
Southern District of New York
40 Centre Street
Courtroom 706
New York, NY  10007

Re:  *Vaicaitiene v. Partners in Care, Inc. and
     Visiting Nurse Service of New York,
     Inc.*, 04 Civ. 9125 (RMB)

Dear Judge Berman:

      We are counsel to plaintiff in the above referenced action and we write in response to Kathy H. Chin's letter to the Court dated February 2, 2005.  For the reasons set forth below, defendant's contemplated motion to dismiss has no basis.  First, the regulation (29 C.F.R. § 552.109), which defendants contend exempts plaintiff, and similarly situated employees, from the Fair Labor Standards Act's overtime provisions was declared invalid and unenforceable by the Second Circuit in *Coke v. Long Island Care at Home*, 376 F.3d 118 (2d Cir. 2004).  The Second Circuit held that home health aide companions "employed by an employer or agency other than the family or household using their services" must be paid overtime.

      Defendants' contention that the instant action should be stayed pending a ruling in *Coke* on a potential petition for *certiorari* was rejected by Your Honor at the conference on January 14, 2005. Defendants now go even further and contend that this action should be dismissed because a motion by the *Coke* defendants to "stay the mandate" is *sub judice*.  Your Honor should similarly reject this further baseless attempt to delay this action.  At present, no stay has issued in *Coke,* and defendants cannot

rely on a Department of Labor ("DOL") interpretation which has been invalidated by the Second Circuit as a basis upon which to dismiss plaintiff's claims.

Defendants' invocation of 29 U.S.C. § 259(a)'s "good faith" affirmative defense is utterly misplaced. That provision, in certain limited circumstances, permits an employer to *plead and prove* an affirmative defense of good faith reliance on DOL interpretations. It is well settled, however, that section 259's applicability is a question of fact, not amenable even to summary judgment, much less a motion to dismiss. *Equal Employment Opportunity Commission v. Home Insurance Company,* 672 F.2d 252 *263-66 (2d Cir. 1982)( summary judgment on 259(a) defense reversed); *Hultgren v. County of Lancaster*, 753 F. Supp. 809, *830 (D. Nebraska 1990)("The issue of good faith [under section 259] is a question of fact and all the facts and background must be reviewed.").

In any event, as discussed in the Second Circuit's opinion in *Coke*, the circumstances of the DOL's adoption of 29 C.F.R. § 552.109's should certainly have put defendants on notice that this interpretation "was not authoritative, or was qualified or incomplete." *Marshall v. Baptist Hospital, Inc.*, 473 F. Supp. 465, *478 ((M.D. Tenn. 1979). It's inconsistency with the statutory scheme, and, indeed, the DOL's own initial interpretation; the latter's failure to put it out for notice and comment; and it's failure to offer any reasoning for it or to explain its hasty about-face on the issue, render any reliance on it questionable at best and certainly a matter which cannot be resolved summarily, or on a motion to dismiss. *In re Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation.*, 300 F. Supp.2d 1020, *1053 (D. Oregon 2004)("Congress did not intend the good faith defense to apply 'where an employer had knowledge of conflicting rules and chose to act in accordance with the one most favorable to him.'").

Finally, even in the very unlikely event the Supreme Court ultimately grants a yet-to-be-filed petition for *certiorari* and overturns *Coke,* there would still be no basis on which to dismiss plaintiff's claims at the pleading stage. The "companionship services" exemption does not apply where an employee spends more than 20 percent of her total weekly hours performing general household work. 29 C.F.R.552.6. Plaintiff routinely

exceeded the 20 percent limitation such that the exemption does not apply to her.

Respectfully submitted,

*/s/ Karl J. Stoecker*

Karl J. Stoecker

cc: Kathy H. Chin, Esq. (by facsimile)

---

Request to file motion to dismiss is respectfully denied at this time (without prejudice) in view of the 2d Circuit ruling in Coke, 376 F.3d 118 (2d Cir. 2004); see also Antwi, 349 F.Supp 2d 663 (S.D.N.Y.)

SO ORDERED:
Date: 3/2/05   Richard M. Berman

Richard M. Berman, U.S.D.J.