UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

| | | |
|---|---|---|
| JURJITA VAICAITIENE, on behalf of herself and all others similarly situated, | : | 04-CV-9125 (RMB) (THK) (Electronically Filed) |
| | : | |
| Plaintiff, | | |
| | : | |
| -against- | | **ANSWER** |
| | : | |
| PARTNERS IN CARE, INC.; and VISITING NURSE SERVICE OF NEW YORK, INC., | : | |
| | | |
| Defendants. | : | |

------------------------------------------------------------------------x

Defendants Partners in Care and Visiting Nurse Service Of New York, by their attorneys, Cadwalader, Wickersham & Taft LLP, for their answer to the complaint:

1. Deny paragraph 1, except admit that plaintiff purports to bring this action as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA") seeking the relief described.

2. Deny paragraph 2, except admit that plaintiff purports to bring her claim under the New York State Labor Law.

3. Deny paragraph 3, except admit that plaintiff purports to bring this action under FLSA and New York State Labor Law and aver that to the extent the allegations therein set forth a conclusion of law, a response is not required.

4. Deny knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 4. In response to the second sentence of paragraph 4, admit that plaintiff was employed by Partners in Care but deny that she was employed by Partners in Care throughout the period alleged.

5. Admit paragraph 5, except aver that Partners in Care is a not-for-profit corporation.

6. Admit paragraph 6, except deny that the corporate headquarters and principal place of business of defendant Visiting Nurse Service Of New York is located at 1250 Broadway, New York, New York, and aver that Visiting Nurse Service Of New York is a not-for-profit corporation.

7. Deny paragraph 7, except aver that to the extent the allegations therein set forth a conclusion of law, a response is not required.

8. Deny paragraph 8, except aver that to the extent the allegations therein set forth a conclusion of law, a response is not required.

9. With respect to the first sentence of paragraph 9, admit that defendants provide the services specified, but deny that those are the only services provided by defendants and aver that for purposes of the FLSA "companionship services" exemption, home health aide services are companionship services. With respect to the second sentence of paragraph 9, note that the antecedent of "its" is not clear, but deny that home health aides in general may assist clients with "other matters" or indeed any matters that are not specified in the client's plan of care. Admit the third sentence of paragraph 9.

10. Deny paragraph 10.

11. In response to paragraph 11, admit that plaintiff purports to bring her claims on the grounds alleged and otherwise deny the allegations therein.

12. Deny paragraph 12, except deny knowledge or information sufficient to form a belief as to the truth of whether plaintiff has made the estimate described.

13. Deny paragraph 13.

14. Deny that plaintiff is an appropriate class representative, and otherwise deny knowledge or information sufficient to form a belief as to the truth of paragraph 14.

15. Deny paragraph 15.

16. Deny paragraph 16.

17. Deny knowledge or information sufficient to form a belief as to the truth of paragraph 17.

18. In response to paragraph 18, repeat and reallege paragraphs 1 through 17 hereof.

19. Deny paragraphs 19 through 22.

20. In response to paragraph 23, repeat and reallege paragraphs 1 through 17 hereof.

21. Deny paragraphs 24 through 27.

## FIRST AFFIRMATIVE DEFENSE

22. The complaint fails to state a claim upon which relief can be granted or for which the damages sought may be awarded.

## SECOND AFFIRMATIVE DEFENSE

23. Defendants have acted reasonably and in good faith and with good cause, have made good faith efforts to comply with federal, state and local law, and have not violated any right which may be claimed by plaintiff under any federal, state or local law, rule, ordinance, regulation or guideline.

**THIRD AFFIRMATIVE DEFENSE**

24. Plaintiff's FLSA claims are barred because plaintiff was exempted from the FLSA overtime requirements. FLSA and its regulations provide that employers are not required to pay overtime wages to home health aides, since home health aides fall within the "companionship services" exemption to FLSA. 29 U.S.C. § 213(a)(15).

25. By regulation, employees performing companionship services are exempt notwithstanding the fact that they "are employed by an employer or agency other than the family or household using their services." 29 C.F.R. § 552.109(a). By operation of this regulation, home health aides employed by entities such as defendants have been exempt from FLSA for almost 30 years.

**FOURTH AFFIRMATIVE DEFENSE**

26. Defendants repeat and reallege paragraphs 24 and 25.

27. Defendants have acted in good faith in conformity with and in reliance upon the "companionship services" exemption and 29 C.F.R. § 552.109(a).

28. This defense is a bar to this action, notwithstanding that by decision dated July 22, 2004, the Second Circuit in Coke v. Long Island Care At Home, 376 F.3d 118 (2d Cir. 2004), declared 29 C.F.R § 552.109(a) to be unenforceable. See 29 U.S.C. § 259.

**FIFTH AFFIRMATIVE DEFENSE**

29. Defendants have not willfully committed any alleged violation of FLSA or New York State Labor Law.

**SIXTH AFFIRMATIVE DEFENSE**

30. The named plaintiff is not a proper class representative.

**SEVENTH AFFIRMATIVE DEFENSE**

31.  The named plaintiff may not maintain this action and/or does not have standing to bring this action, as she seeks only overtime pay for a period of time pre-dating the Coke decision.  No such overtime pay is available to plaintiff by operation of the "companionship exemption" and 29 U.S.C. § 259 and general principles of retroactive application of judicial decisions.

**EIGHTH AFFIRMATIVE DEFENSE**

32.  The Court lacks jurisdiction over the New York State Labor Law claims alleged.

**NINTH AFFIRMATIVE DEFENSE**

33.  New York C.P.L.R. §901(b) bars maintenance of plaintiff's New York State Labor Law claims as a class action in whole or in part.

**TENTH AFFIRMATIVE DEFENSE**

34.  The congressional intent behind Section 16(b) of FLSA in creating an opt-in procedure for overtime claims is violated where a FLSA action is combined with a class action based upon state statute, such that plaintiff's Second Cause of Action may not be maintained as a class action in this Court.

**ELEVENTH AFFIRMATIVE DEFENSE**

35.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, defendants Partners in Care and Visiting Nurse Service Of New York demand judgment in their favor:

A. Dismissing the complaint in its entirety, with prejudice;

B. Awarding them the costs and disbursements of this action, including attorney's fees;

C. Granting such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         March 7, 2005

                                        CADWALADER, WICKERSHAM & TAFT LLP


                                        By:   s/Kathy H. Chin
                                                Kathy H. Chin (KC-7635)

                                        Attorneys for Defendants
                                        One World Financial Center
                                        New York, New York 10281
                                        Telephone: (212) 504-6000