## LAW OFFICES OF KARL J. STOECKER

Phone: (212) 818-0080
Facsimile: (212) 684-4022

275 Madison Avenue, 28th floor, New York, NY 10016

kjs@kjslawfirm.com
www.kjslawfirm.com

*[Handwritten note:]* Conference on 3/30/05 @ 10:30. Ref. to respond by 3/21/05.

SO ORDERED:  *Richard M. Berman*
Date: 3/15/05



March 14, 2005

Honorable Richard M. Berman
**Richard M. Berman, U.S.D.J.**
United States District Judge
Southern District of New York
40 Centre Street
Courtroom 706
New York, NY  10007

Re:  *Vaicaitiene v. Partners in Care, Inc. and
     Visiting Nurse Service of New York,
     Inc.*, 04 Civ. 9125 (RMB)

Dear Judge Berman:

We are counsel to plaintiff in the above-referenced action and we write pursuant to Your Honor's rules to request a pre-motion conference in connection with plaintiff's motion for an order directing <u>notice of this action to similarly situated class members pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA")</u>.

Plaintiff brings this action on behalf of herself and a class consisting of all non-exempt persons employed by defendants who worked more than forty hours in any week and were not paid overtime compensation. FLSA section 216(b) permits actions "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Such actions are referred to as "collective actions" because the class action requirements of numerosity, typicality, commonality and representativeness embodied in Rule 23 Fed. R. Civ. P. do not apply.  *See, e.g., Foster v. The Food Emporium*, 140 LC (CCH) ¶34,062 at 51,869 (S.D.N.Y. April 26, 2000). Plaintiff is required only to make the "modest factual showing" that the other members of the proposed class are "similarly situated." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997).

The "similarly situated" requirement is easily met here inasmuch as all potential class members were adversely impacted by defendants' "common policy or plan" of failing to pay overtime compensation.

FLSA section 216(b) requires potential class members to opt-in to the class in order to become members thereof. Their claims are not deemed to be interposed until they file a written consent with the court. Because the statue of limitations continues to run on their claims, each day reducing their recoverable damages, it is imperative that notice be issued as soon as practicable. It is well settled in this Circuit that the Court has the power to direct such notice. *Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335 (2d Cir. 1978).

Plaintiff accordingly requests a pre-motion conference to address the foregoing motion.

Respectfully submitted,

Karl J. Stoecker

cc: Kathy H. Chin, Esq. (by facsimile)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/15/5