UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | |
|---|---|
| JURJITA VAICAITIENE, on behalf of herself and all others similarly situated, | 04-CV-9125 (RMB) (THK) (Electronically Filed) |
| Plaintiff, | |
| -against- | **AFFIDAVIT OF MARIAN HAAS IN OPPOSITION TO MOTION FOR NOTICE** |
| PARTNERS IN CARE, INC.; and VISITING NURSE SERVICE OF NEW YORK, INC., | |
| Defendants. | |

------------------------------------------------------------------x

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

MARIAN HAAS, being duly sworn, deposes and says:

1. I am a Director of Human Resources employed by Visiting Nurse Service Of New York Home Care ("VNSNY Home Care"), a subsidiary of the Visiting Nurse Service of New York ("VNSNY"). I have been with VNSNY Home Care since February 1986. I am fully familiar with the facts and circumstances set forth herein, and am familiar as well with the claims made by plaintiff with respect to the relationship between defendant VNSNY and defendant Partners in Care. I make this affidavit in opposition to plaintiff's motion for notice, and specifically to clarify certain aspects of the relationship between the defendants that may be relevant to the Court's consideration of plaintiff's motion.

2. Plaintiff claims that VNSNY was a "joint employer" of plaintiff. I should point out that in the Answer, defendants denied the factual allegations of paragraph 8 of the Complaint. To reiterate, VNSNY does not have, nor does it exercise, the authority to hire and

fire employees of Partners in Care. VNSNY does not "supervise, direct and control their work", and VNSNY does not prescribe work hours and rates of pay for employees of Partners in Care. Those functions are performed by Partners in Care, as set forth in the affidavit of Jay M. Conolly.

3. Plaintiff makes much of the "supervisory" role allegedly played by "VNSNY nurses" in caring for individual patients. See Plaintiff's Memorandum of Law at 4-5. However, VNSNY does not employ the nurses who make home visits. Rather, the "VNSNY nurses" referred to by the plaintiff are employees of VNSNY Home Care and are represented by the Federation of Nurses/UFT in a bargaining unit that excludes supervisory employees. Moreover, these visiting nurses do not supervise and control home health aides' work schedules or other terms or conditions of employment. A visiting nurse orders home health aide services and, on a home health aide's first visit to a patient's home, a visiting nurse meets with the home health aide to review the patient's Plan of Care. The nurse will make visits subsequently to be sure that services that are being provided to the patient are in accordance with the patient's Plan of Care, including services provided by home health aides and other members of the team caring for the patient, which may include therapists, social workers, nutritionists, and others besides the home health aide. Different nurses may make these subsequent visits, and different home health aides, or no aide at all, may be in the home at the time of the subsequent nursing visit. VNSNY Home Care must make such visits to comply with regulations governing the delivery of care to Medicare and Medicaid recipients and with applicable State Department of Health regulations. However, concerns about the home health aide are reported to the aide's supervisor at Partners in Care. This is typical of subcontracting relationships such as the one between VNSNY Home Care and Partners in Care.

4.   It is the role of the visiting nurse to coordinate the care for a patient, to monitor the patient's progress against the Plan of Care and make any adjustments necessary. It is not the responsibility of the nurse to provide daily supervision to the home health aides encountered as she makes her rounds. That is the function of the licensed home care services agency that employs the aide.

5.   Plaintiff also draws certain unwarranted conclusions from the VNSNY website. As specified in the Answer, VNSNY and Partners in Care are not located at the same premises. See Answer, ¶ 6. VNSNY is located at 107 East 70th Street. With respect to VNSNY employees, the website numbers referenced in plaintiff's Memorandum of Law are numbers that reflect employees of VNSNY subsidiaries and affiliates. Thus, the number given of 3,810 home health aides was the number of home health aides employed by Partners in Care, which is a subsidiary of VNSNY. The number is not intended to suggest that VNSNY itself employs home health aides, and indeed, further exploration of the website excerpt annexed to the Stoecker Declaration confirms that conclusion. The website accurately describes Partners in Care as a "licensed home care agency that provides home health aide services on a contract basis to VNSNY Home Care." VNSNY Home Care is, in turn, accurately described as a certified home health agency. The website also accurately describes VNSNY as the parent corporation. See Exhibit A to Stoecker Declaration at page 2. It should also be noted that any effort to search out career opportunities for home health aides or other information specific to home health aides will lead a website user to Partners in Care. Finally, the website notes that Partners in Care provides home health aide and professional services not only to VNSNY Home Care, but also to patients and families who make such arrangements directly with Partners in Care.

6.   Thus, to my knowledge, VNSNY does not employ home health aides. It is not even the entity that contracts with the agency that does employ the home health aides. As

plainly stated on the website, as copied and included in Exhibit A to the Stoecker Declaration, "Home health aide services are provided either by Partners in Care (a VNSNY company) or by carefully selected agencies that provide certified aide service under contract with VNSNY Home Care." See Exhibit A to Stoecker Declaration at page 3.

7.  Because VNSNY does not employ any home health aides, extending the requested notice to all non-exempt employees of VNSNY would be entirely inappropriate.

WHEREFORE, I respectfully request that the Court deny plaintiff's motion.

_____
MARIAN HAAS

Sworn to before me this
20th day of May, 2005.

_____
Notary Public

JENNIFER GORDON
Notary Public - State of New York
No. 02GO6096607
Qualified in New York County
My Commission Expires Aug. 4, 2007

-4-