*KATZ, M.J.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

JURJITA VAICAITIENE, on behalf of herself and all
others similarly situated,

                      Plaintiff,

-against-

PARTNERS IN CARE, INC.; and VISITING NURSE
SERVICE OF NEW YORK, INC.,

                      Defendants.

-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 04 CIV 9125
DATE FILED: 1/19/06

04 CV 9125 (RMB) (THK)

### STIPULATION AND QUALIFIED PROTECTIVE ORDER GOVERNING PRIVATE HEALTH INFORMATION AS DEFINED BY THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT

      The parties hereto having agreed to the necessity of maintaining the confidentiality of Protected Health Information as defined by the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d, et seq. and its Privacy Standards (the "Regulations"), 45 C.F.R. Part 160 and Part 164, the parties stipulate to and the Court makes the following findings of fact:

      A.    On November 18, 2004 Plaintiff Jurgita Vaicaitiene filed the instant action on her own behalf and on behalf of current and former employees of Defendants allegedly similarly situated to Plaintiff, wherein she claimed that Defendants Partners in Care, Inc. and Visiting Nurse Service of New York, Inc. violated the Fair Labor Standards Act ("FLSA") and New York State Labor Law by failing to pay her and potential opt-ins and/or putative class

members overtime compensation when she worked for Partners in Care, Inc. as a Home Health Aide.[1]

   B. Defendants maintain that Plaintiff, as well as any potential opt-ins and/or putative class members, is and was exempt from the overtime requirements of the FLSA because she was employed in domestic service employment to provide companionship services for individuals who, because of age or infirmity, are unable to care for themselves (the "Companionship Services Exemption").

   C. In light of the nature of this action, discovery requests seek and are likely to seek disclosure of documents that contain Protected Health Information ("PHI"), which is defined by the Regulations as information created by a health care provider that relates to the past, present, or future physical or mental health of Defendants' clients; the provision of health care to Defendants' clients; or the past, present, or future payment for the provision of health care to Defendants' clients. See 45 C.F.R. § 160.103.

   D. To the extent that Defendants are "covered entities" under the Regulations (see 45 C.F.R. § 160.103), they may disclose the PHI of their clients only as permitted or required by the Regulations. See 45 C.F.R. § 164.502(a). Under one method of permissible disclosure set forth in the Regulations, a covered entity may disclose PHI in judicial proceedings pursuant to a Qualified Protective Order. See 45 C.F.R. §§ 164.512(e)(1)(ii)(B); 164.512(e)(iv)(A). A Qualified Protective Order is an order of a court or a stipulation by the parties to a litigation that prohibits use or disclosure of the PHI for any purpose other than the litigation for which such information was requested, and requires either the return to the covered

---

[1] Defendants assert that no Home Health Aides, including Plaintiff, are employed by Visiting Nurse Service of New York, Inc. ("VNSNY"). The references to Defendants herein are intended to refer to Plaintiff's allegations and do not constitute an admission by Defendants that VNSNY is a proper party to this action, or that VNSNY employed Plaintiff or any other Home Health Aide.

entity or the destruction of the PHI (and all copies made) at the end of the litigation. See 45 C.F.R. § 164.512(e)(v). When disclosing information under a Qualified Protective Order, a covered entity must make reasonable efforts to limit PHI to the minimum necessary to accomplish the intended purpose of the disclosure. See 45 C.F.R. § 164.502(b).

        E.    Redaction or removal of information that a party believes, in good faith, may directly identify the patient, or any of the relatives or household members of the patient, from documents containing PHI meets the minimum necessary standard in the Regulations. In certain instances, the medical diagnosis of a patient may be of a particularly sensitive nature. In those instances, redaction or removal of the diagnosis as well as redaction of information that may directly identify the patient will operate to address privacy concerns. Data recorded in certain documents containing PHI includes information that is relevant to the question of whether an individual falls within the Companionship Services Exemption; namely, information about the nature of and time spent on tasks performed by Plaintiff or a potential opt-in and/or putative class member for each client they served. Thus, although this information about tasks may include PHI of Defendants' clients, it is relevant to the determination of whether Plaintiff or any of the individual potential opt-ins and/or putative class members fall within the Companionship Services Exemption and, thus, were not or are not entitled to overtime pay under the FLSA. There is no document that provides information equivalent to that contained in these documents.

        F.    The Court finds that the parties do not have alternative, effective means of obtaining the information available in the documents that include PHI. Further, there is no practicable way to remove the PHI from such documents while still maintaining the usefulness of those documents in litigation and the attempted redaction of PHI from the thousands of pages of documents potentially relevant to this case would be extremely burdensome. This Court also

find that the disclosure of patient information authorized in this Qualified Protective Order is limited to those persons whose need for information is the basis for the Order, that the procedures set forth herein will protect patient identities from public disclosure, that there appears to be no conceivable potential injury to patients and that the public interest and need for the disclosure permitted herein, coupled with the manner set forth in this Order for protecting the privacy interests of patients, significantly outweighs any potential risk with respect to patient confidentiality.

## CONCLUSIONS

In order to allow the Plaintiff to pursue her claims and the Defendants to defend themselves against those claims, and to enable the parties to do so in compliance with HIPAA and the Regulations, the parties have stipulated to the entry of a Qualified Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure to allow production of the minimum necessary PHI. Based on those stipulations and the findings of fact above, and it appearing to the Court that such a Qualified Protective Order is necessary and appropriate, IT IS HEREBY ORDERED THAT the parties shall follow the steps outlined below, and those steps shall comprise reasonable efforts to ensure that only the minimum necessary PHI is disclosed:

1. Defendants will designate as "PHI/Confidential" any documents that contain the PHI of Defendants' clients by stamping or labeling each page of such document "PHI/Confidential." Defendants also will redact any information that directly identifies the client or relatives or household members of the client, such as the clients' names and social security numbers, from all such documents. If the diagnosis is of a particularly sensitive nature, the diagnosis shall be redacted as well. All information produced in this action by Defendants designated as PHI/Confidential shall be subject to the provisions of this Order.

2. Subject to Rules 26 and 37 of the Federal Rules of Civil Procedure, this Qualified Protective Order, and such other orders as the Court may enter, Plaintiff may review the documents marked "PHI/Confidential" produced in discovery in this case.

3. Pursuant to 45 C.F.R. § 164.512(e)(v), documents and information designated PHI/Confidential in accordance with this Order and produced in discovery in this case shall be used solely for the purpose of this action, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the preparation for and trial and appeal of this action; (c) Plaintiff Jurgita Vaicaitiene, but only to the extent that the information disclosed to Ms. Vaicaitiene relates to services that she provided to the individual whose information is disclosed; (d) other opt-in plaintiffs and/or members of the putative class of Home Health Aides, but only to the extent that any information disclosed to such Home Health Aides relates to services directly provided by that Home Health Aide; (e) the principals, officers, agents and employees of Defendants; (f) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (g) deponents and trial witnesses in this action to the extent that any such deponents or trial witnesses fall within categories (c), (d), (e) or (f), supra; and (h) the Court, Court personnel, court reporters, and jurors, subject to the requirements set forth in paragraph 5 hereof. PHI/Confidential documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (h) of this paragraph. No such documents or information designated as PHI/Confidential pursuant to this Order shall be used by any such person for any purpose other than for the preparation, trial, and/or appeal of this action.

4. Any deposition testimony, or any exhibit marked at a deposition, that contains patient-specific medical information may be designated as PHI/Confidential by sending written notice designating the transcript, or the deposition exhibit, as PHI/Confidential, and/or by so stating on the record at the deposition. The attorney for the party conducting the deposition shall advise the court reporter that any such transcript shall include a cover page clearly identifying the transcript as "PHI/Confidential." If, for any reason, a transcript or exhibit that should be designated confidential is not so designated, an attorney for either party who becomes aware of that fact shall promptly notify opposing counsel and the parties thereafter shall maintain the transcript and/or exhibits as if they had been so designated. Transcripts or exhibits that are designated, or that should have been designated, as PHI/Confidential shall be maintained as confidential in accordance with the restrictions in this Order, including the restrictions that such transcripts and exhibits may only be disclosed to the persons described in paragraph 3 hereof and may only be used for purposes of this litigation, and that if any such transcript or exhibit or portion of same is made a part of any filing, the transcript or exhibit must be filed under seal, as set forth in paragraph 8 hereof. Additionally, all transcripts shall be automatically designated PHI/Confidential for a period of 30 days after the date the transcript is received by counsel for the parties represented at the deposition.

5. Any person who is to obtain access to PHI/Confidential documents or information pursuant to paragraph 3(a), (b), (c), (d), (f) or (g) of this Order shall prior to receipt of such PHI/Confidential documents or information be informed by the party providing access to such PHI/Confidential documents or information of the terms of this Order and submit to the authority of this Court for enforcement of this Order. Any party providing access shall not permit the person receiving access to retain the materials or copies of same. PHI/Confidential documents or information may be provided to experts or consultants retained by counsel or by

-6-

any party in connection with these proceedings, to the extent necessary for such expert or consultant to prepare a written opinion; to prepare to testify; or to assist counsel in the prosecution or defense of this action, provided that any expert or consultant who receives such materials signs an undertaking in the form attached hereto as Exhibit A. All signed undertakings shall be maintained by counsel for the party making the disclosure and shall be produced if required by the Court for the purpose of determining whether a breach of this Order has occurred. In addition, the expert or consultant shall agree that, within sixty (60) days after the termination of this action, the expert or consultant will return all such PHI/Confidential materials or copies thereof (including excerpts and summaries thereof) to the counsel with whom the expert or consultant has consulted, or, in lieu thereof, certify in writing that such materials have been destroyed. Termination of this action shall not be deemed to have occurred until a final judgment has been rendered and all possible appeals have been decided or until final settlement or other resolution of this action.

6. If counsel for a party herein shall hereafter desire to make PHI/Confidential documents or information available to any person other than those referred to in paragraph 3 above, such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure, and inform counsel for the opposing party of his/her desire. The parties then shall jointly inform the Court of (i) the intended disclosure; and (ii) proposed terms and conditions of disclosure to persons not enumerated in paragraph 3. Disclosure then may be made only on such terms of the Court may order.

7. Should any person bound by this Order receive a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of any PHI/Confidential documents or PHI/Confidential information in any form, such person shall give notice immediately to the party or third party who produced or supplied said

document or information so that the party or third party may seek appropriate relief, if any. In no event shall production or other disclosure be made before reasonable notice is given. Unless it would constitute a violation of another court order, such materials shall not be produced for at least fifteen (15) days following written notice. The subpoenaed party shall not have any obligation, however, to seek an order quashing or limiting the subpoena or to otherwise incur any expense or take affirmative action to oppose the subpoena.

8.   In the event that any PHI/Confidential document or PHI/Confidential information is included with or in any way disclosed by any pleading, motion, or paper filed with the Court, such PHI/Confidential document or PHI/Confidential information shall be filed and kept under seal by the Clerk until further order of the Court. Any use of such PHI/Confidential document or PHI/Confidential information shall be held under seal unless the Court orders otherwise.

9.   Counsel for Plaintiff shall maintain a list of all opt-in plaintiffs and/or putative class members to whom they have disclosed PHI/Confidential information pursuant to paragraph 3 of this Order or to whom such information has been inadvertently disclosed.

10.   Pursuant to 45 C.F.R. § 164.512(e)(v), within twenty-one days after final termination of this action, including any appeals, counsel for Plaintiff shall (a) gather all PHI/Confidential information or documents obtained in the case (including information and documents that Plaintiff's counsel disclosed to persons referred to in paragraph 3, above), and (b) return to counsel for Defendants all originals and copies of PHI/Confidential documents or documents reflecting PHI/Confidential information and certify in writing that the provisions of this paragraph have been complied with, or in lieu of (b), destroy all such documents and certify in writing that the provisions of this paragraph have been complied with.

11.     Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at the trial of this action. This Order is not intended to regulate the handling of PHI/Confidential documents or PHI/Confidential information at trial. Such procedure shall be the subject of a separate order. Nothing herein shall be construed to limit in any way any party's use or disclosure of its own PHI/Confidential documents or PHI/Confidential information, provided such use or disclosure is consistent with HIPAA.

12.     Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information does, or does not, constitute PHI or is admissible in this action or (b) prejudice in any way the right of any party to seek a Court determination of whether or not it should remain PHI/Confidential and subject to the terms of this Order and/or be accepted in evidence in this action. Any party to this Order may request the Court to grant relief from any provision of this Order.

13.     To the extent that any party believes that any documents designated PHI/Confidential contain information that is protected by state or federal laws other than HIPAA, the parties shall either reach an agreement as to how to comply with those laws or return to the Court for further consideration.

14.     Nothing herein shall prevent any party from moving for an amendment of this Order or from in any way seeking further, greater, or lesser protection with respect to the use or disclosure of any PHI/Confidential documents or PHI/Confidential information, provided such use or disclosure is consistent with HIPAA. Any amendments to this Order must be in writing.

15.     Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege. Nothing contained in this Order shall affect the rights of the parties or third parties to object to

discovery on grounds other than those related to the protection of PHI/Confidential information, nor shall it relieve a party or third party of its obligation to properly respond or object to discovery requests, nor shall it preclude any party or third party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

16. At the conclusion of this litigation following all appeals, all PHI/Confidential documents that are on file with the Court, whether those documents are filed under seal, as part of briefs or otherwise, shall be returned to the Defendants.

17. It is recognized by the parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be designated erroneously as PHI/Confidential, or documents or information that are entitled to confidential treatment may erroneously not be designated as PHI/Confidential. Defendants may correct their PHI/Confidential designations, or lack thereof, and shall, at their own expense, furnish to counsel for Plaintiff copies of the documents for which there is a change in designation.

18. The provisions of this Order shall survive the conclusion of this litigation, and the Court shall retain jurisdiction after the final disposition of this action for the purpose of any application to modify or enforce the provisions of this Order.

19. This Order shall bind all parties to this litigation, including later-appearing parties.

IT IS SO ORDERED:
January 19, 2006

_____
UNITED STATES MAGISTRATE JUDGE

AGREED TO:

_____  
Karl J. Stoecker (KS-0571)  
Law Offices of Karl J. Stoecker  
18 East 41st Street  
New York, New York 10017  
Telephone: (212) 818-0080  
Facsimile: (212) 818-9055  

Attorney for Plaintiff

_____  
Kathy H. Chin (KC-7635)  
Cadwalader, Wickersham & Taft LLP  
One World Financial Center  
New York, New York 10281  
Telephone: (212) 504-6000  
Facsimile: (212) 504-6666  

Attorneys for Defendants

# EXHIBIT A

## UNDERTAKING

The undersigned, _____ (print or type name), under penalty of perjury, declares as follows:

I hereby acknowledge my understanding that confidential discovery materials designated "PHI/Confidential" are being provided to me pursuant to the terms and restrictions of the Stipulation and Qualified Protective Order Governing Private Health Information As Defined By The Health Insurance Portability and Accountability Act entered in the action pending in the United States District Court for the Southern District of New York captioned <u>Vaicaitiene</u> v. <u>Partners In Care, Inc. and Visiting Nurse Service of New York, Inc.</u>, 04 CV 9125 (RMB) (THK). I further certify that I have been provided with copies of and have read and fully understand the said Stipulation and Qualified Protective Order, and hereby agree to abide by its terms and to subject myself to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the terms and restrictions of the order. I agree that I shall not disclose PHI/Confidential materials to anyone other than persons permitted to have access to such information pursuant to the terms of the order. I further agree that, within sixty (60) days after the termination of this action, I will return all such PHI/Confidential materials or copies thereof (including excerpts and summaries thereof) to the counsel with whom I have consulted, or, in lieu thereof, certify in writing that such materials have been destroyed.

Dated:_____    _____
                                          (Signature)