UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

JURJITA VAICAITIENE, on behalf of herself and all      :      04-CV-9125 (R███) (THK)
others similarly situated,

                                                     Plaintiff,      :

                             -against-      :

PARTNERS IN CARE, INC. and VISITING NURSE      :
SERVICE OF NEW YORK, INC.,
                                                 :

                               Defendants.      :

-----------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/08

## ORDER GRANTING PRELIMINARY
## APPROVAL OF COLLECTIVE ACTION SETTLEMENT

        Counsel for the parties having submitted the Stipulation and Settlement Agreement (the "Stipulation") herein to the Court for consideration, a conference attended by counsel was held before the Court on April 9, 2008. The Court, having considered all filings previously made herein and the Stipulation herein, hereby orders as follows:

        1.     The Court grants preliminary approval of the settlement as set forth in the Stipulation. The settlement appears to be fair, adequate and reasonable.

        2.     The Court approves, as to form and content, the Notice annexed hereto as Exhibit 1.

        3.     The Notice shall be mailed by Plaintiff's Counsel no later than May 1, 2008. The Notice shall be mailed to each Opt-In Plaintiff at the last known mailing address available to Plaintiff's Counsel. Should any such mailings be returned by the Postal Service as undeliverable, Plaintiff's Counsel shall use its best efforts to update the address of the individual

to whom the mailing was sent, using publicly available internet databases, and shall resend the mailing to any such new address within three days of receipt of the returned mail.

4.    Any Opt-In Plaintiff who wishes to object to any aspect of the proposed settlement shall file with the Court and serve on counsel for the Parties a written statement objecting to the settlement no later than 30 days from the date of mailing.  If the mailing takes place on or before April 18, as currently contemplated by counsel, the deadline for objection shall be May 19, 2008.

5.    If the mailing takes place on or before April 18, 2008, the Court will hold a hearing on May 22, 2008 to consider whether to approve the settlement, including the application for attorneys' fees and costs.  If the mailing takes place after April 18, 2008, counsel shall contact the Court to set a new hearing date.

Dated:    _April 14, 2008_              SO ORDERED:

_____

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

JURJITA VAICAITIENE, on behalf of herself and all          :          04-CV-9125 (RMB) (THK)
others similarly situated,

                                                                                   :

                                                Plaintiff,

                                                                                   :

                    -against-

                                                                                   :

PARTNERS IN CARE, INC. and VISITING NURSE
SERVICE OF NEW YORK, INC.,                                        :

                                                Defendants.    :

------------------------------------------------------------------------x

## NOTICE OF COLLECTIVE ACTION SETTLEMENT

TO:    ALL PERSONS WHO PREVIOUSLY ELECTED
         TO JOIN THE ABOVE-CAPTIONED SUIT AS
         PLAINTIFFS (THE "OPT-IN PLAINTIFFS")

### PLEASE READ THIS NOTICE CAREFULLY

            1.      YOU ARE HEREBY NOTIFIED that a proposed settlement (the

"Proposed Settlement") of the above-captioned collective action (the "Action") filed in the

United States District Court for the Southern District of New York (the "Court"), has been

reached by the parties but remains subject to approval by the Court supervising the Action. The

purpose of this Notice is to inform you of the terms of the Proposed Settlement and to inform

you of your rights and options in connection with the Proposed Settlement. If approved, the

Proposed Settlement will resolve all claims in the Action. A settlement hearing will be held at

_____ on _____, 2008, to determine whether the Proposed

Settlement should be approved. Because your rights will be affected, it is extremely important

EXHIBIT 1

that you read this Notice carefully. As one of 640 Opt-in Plaintiffs, you will be bound by all provisions of the Proposed Settlement, including a full release of claims that will prevent you from separately suing defendants and other related persons or entities for the matters being settled in this case. The Release is described in paragraph 5 below.

## SUMMARY OF THE PROPOSED SETTLEMENT TERMS

2.    The Parties entered into a Stipulation and Settlement Agreement (the "Stipulation") on _____, 2008, which sets forth the terms of the Proposed Settlement. The Court granted preliminary approval of the Stipulation on _____. The Court has not yet given the Stipulation its final approval. The Court will hold a hearing with respect to the approval of the Proposed Settlement on _____, 2008 at _____, at which time the Court will determine whether to grant its final approval. The principal terms of the Proposed Settlement are summarized in this Notice. You may obtain a complete copy of the Stipulation from Plaintiff's Counsel.

3.    As you will recall, this was an action for overtime compensation. Shortly before this action was commenced, the exemption of home health aides from the overtime requirements of the Fair Labor Standards Act ("FLSA") had been ruled invalid by the Second Circuit Court of Appeals on July 22, 2004 in Coke v. Long Island Care at Home, 376 F.3d 118. However, while this action was pending, on June 11, 2007, the Supreme Court of the United States reversed the Coke decision, thereby upholding the exemption. Under ordinary circumstances, therefore, home health aides are not entitled to overtime under the FLSA. The only way a home health aide could qualify for FLSA overtime after the Supreme Court's decision would be to prove that he/she worked more than 40 hours in a particular week in which more than twenty (20) percent of his/her time was spent on general household work not related to

care of their client. This type of proof would not only require time records of a level of detail that were not available, but would not be appropriate for a collective action. Therefore, having considered the expense, length and probable outcome of continued proceedings after the Coke decision, it was determined that settlement was in the best interests of the Opt-in Plaintiffs.

4.      The Stipulation provides that the defendants will modify certain of their internal documentation, as more fully set forth in the attached Exhibit to this Notice. Defendants have also agreed to pay to Plaintiff's Counsel attorney's fees and costs in the amount of $70,000 as compensation in full for all legal fees and expenses of Plaintiff's Counsel in the Action, including any work they do in the future. These attorney's fees are within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type. You will not be personally responsible for any fees or expenses.

5.      If approved by the Court, the Stipulation will be binding on the Opt-in Plaintiffs and will bar any such person from bringing certain claims against the defendants. The final release provisions, as well as other provisions of the Proposed Settlement, are subject to Court approval. After Court approval, the Settlement will fully release and discharge defendants from all claims, demands, rights, liabilities, and causes of action that were or might have been asserted arising out of, relating to, or in connection with:

(a)      the allegations made in the Complaint, including, but not limited to, any and all claims for alleged failure to pay overtime wages and liquidated or punitive damages and penalties and interest on all such wages, damages or penalties; and/or

(b)      any claims for fees, expenses or costs associated with this Action.

6.      The Proposed Settlement is conditioned upon the Court entering an Order at or following the hearing approving the settlement agreement as fair, reasonable, adequate and in the best interest of the persons who elect to participate in it. If you object to the Settlement,

-3-

you must file with the Court and serve on counsel for the parties a written statement objecting to the Settlement. Any such written statement and any supporting materials must be filed with the Court and served on counsel no later than ____ _____, 2008. To serve Plaintiff's Counsel with your objection, you must send your written objection to the address below on or before __ _____ ____, 2008. You must also send a copy to defendants' counsel at the address below by that same date and, by that same date, submit a copy of your objection to the Clerk of the Court at the address below.

|                       |                                                          |
|-----------------------|----------------------------------------------------------|
| Plaintiff's Counsel:  | Law Offices of Karl J. Stoecker                          |
|                       | 18 East 41st Street, Suite 1501                          |
|                       | New York, New York 10017                                 |
|                       |                                                          |
| Defendants' Counsel:  | Cadwalader, Wickersham & Taft LLP                        |
|                       | One World Financial Center                               |
|                       | New York, New York 10281                                 |
|                       | Attention: Kathy H. Chin                                 |
|                       |                                                          |
| Clerk of the Court:   | Clerk of the Court                                       |
|                       | Daniel Patrick Moynihan United States Courthouse         |
|                       | 500 Pearl Street                                         |
|                       | New York, New York 10007-1312                            |
|                       | In re: Vaicaitiene v. Partners In Care, Inc. and         |
|                       |   Visiting Nurse Service of New York, Inc. --            |
|                       | 04 Civ. 9125 (RMB) (THK)                                 |

7.   You may also appear at the hearing scheduled for ____ _____, 2008 to have your objection heard by the Court. Objections not previously sent in writing in a timely manner to counsel as described above will not be considered by the Court. Any attorney who intends to represent an individual plaintiff in objecting to the Proposed Settlement must file a Notice of Appearance with the Court on or before _____, 2008. All objections or correspondence must state the name and number of the case as set forth in the above caption. Please be advised that you will be bound by the terms of the Proposed Settlement even if you have objected if the Court approves the Proposed Settlement.

8.    Any person who does not object in the manner provided above shall have waived any objection to the proposed settlement.

9.    Any person who is satisfied with the Proposed Settlement need not appear at the settlement hearing and need not submit any written statement.

## HEARING ON THE SETTLEMENT

10.    You are not required to attend the settlement hearing or file an objection, although you may do either or both.

11.    The hearing on the adequacy, reasonableness and fairness of the settlement agreement will be held on _____, 2008. The hearing may be postponed by the Court without further notice.

12.    You may object, personally or through an attorney, to the Proposed Settlement by mailing your objection and following the procedures outlined in paragraph 6 above. Objections not previously sent in writing in a timely manner as described in paragraph 6 above will not be considered by the Court at the hearing or at any other time.

13.    If you do not object in the manner provided above, you shall be deemed to have approved the Proposed Settlement and to have waived such objections and shall be forever foreclosed from making any objections (by appeal or otherwise) to the Proposed Settlement.

## ADDITIONAL INFORMATION

14.    This Notice is only a summary of the Action and the Proposed Settlement. For a more detailed statement of the matters involved in the Action and the Proposed Settlement, you may refer to the pleadings, the Stipulation, and other papers filed in the Action which may be obtained from Plaintiff's Counsel.

15.    All inquiries regarding this Notice should be directed in the first instance to Plaintiff's Counsel.  Plaintiff's Counsel is:

> Law Offices of Karl J. Stoecker
> 18 East 41st Street, Suite 1501
> New York, New York  10017
> Telephone: (212) 818-0080

**This Notice and its contents have been authorized by the Federal District Court, Honorable Theodore H. Katz, United States Magistrate Judge.**