UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

JURJITA VAICAITIENE, on behalf of herself and all : 04-CV-9125 (RMB) (THK)
others similarly situated,

                                      Plaintiff,

                  -against-

PARTNERS IN CARE, INC. and VISITING NURSE
SERVICE OF NEW YORK, INC.,

                                   Defendants.



------------------------------------------------------------------x

## STIPULATION AND SETTLEMENT AGREEMENT + ORDER

       IT IS HEREBY STIPULATED by and between plaintiff and defendants, subject to the approval of the Court, that this collective action is hereby compromised and settled pursuant to the terms and conditions set forth below in this Stipulation and Settlement Agreement.

### DEFINED TERMS

       1.    "Action" means the action entitled <u>Vaicaitiene v. Partners in Care, Inc. and Visiting Nurse Service of New York, Inc.</u>, 04 Civ. 9125 (RMB)(THK), pending in the United States District Court for the Southern District of New York.

       2.    "Class" means the aggregate group of Class Members. "Class Members" means home health aide employees of Partners in Care who worked in excess of forty hours per week between July 6, 2002 and July 6, 2005 and were not paid overtime at the rate of one and one-half times their regular wages, being the class created by order of this Court herein dated July 6, 2005.

3.  "Complaint" means the complaint filed by Jurjita Vaicaitiene on November 18, 2004 alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and New York State Labor Law on behalf of herself and all other current and former employees of Defendants who were allegedly not paid in accordance with overtime compensation requirements.

4.  "Court" means the United States District Court for the Southern District of New York.

5.  "Defendants" means Partners in Care, Inc. and Visiting Nurse Service of New York, Inc.

6.  "Defendants' Counsel" means Cadwalader, Wickersham & Taft, LLP.

7.  "Effective Date" means (i) if no objections are timely filed, upon entry of the Settlement Order and Judgment as provided herein or (ii) if an objection is timely filed, upon: (a) if an appeal or other application for relief from the Settlement Order and Judgment is filed, the date of final resolution of any such appeal or other application for relief; or (b) if no appeal or other application is filed, the expiration of the period for the filing of any such appeal or application for relief.

8.  "Fee and Expense Award" means the award of fees and expenses to be paid to Plaintiff's Counsel for the services he has rendered to the Plaintiff and the Class in the Action.

9.  "Notice" means a notice describing this Settlement.

10. "Objection Deadline" means the date thirty (30) days following the date on which Plaintiff's Counsel mails Notice to the Opt-in Plaintiffs.

11. "Opt-in Plaintiffs" means Class Members who have opted into the Action as set forth in declarations filed January 20, 2006 and November 17, 2006 by Plaintiff's Counsel

on their behalf. Since joining the Action as plaintiffs, the Opt-in Plaintiffs have been represented by Plaintiff's Counsel.

12. "Parties" means Plaintiff Jurjita Vaicaitiene and Defendants.

13. "Plaintiff" means Plaintiff Jurjita Vaicaitiene, also known as Jurgita Vaicaitiene.

14. "Plaintiff's Counsel" means Karl J. Stoecker, Esq. ("Stoecker") and the Law Offices of Karl J. Stoecker (the "Stoecker Firm"), collectively.

15. "Preliminary Approval" means that the Court has entered an order substantially in the form attached hereto as Exhibit A, preliminarily approving the terms and conditions of this Stipulation, including the manner of providing Notice to Opt-in Plaintiffs.

16. "Released Claims" means all claims, demands, rights, liabilities, and causes of action that were or might have been asserted arising out of, relating to, or in connection with:

(a) the allegations made in the Complaint, including, but not limited to, any and all claims for alleged failure to pay overtime wages and liquidated or punitive damages and penalties and interest on all such wages, damages or penalties; and/or

(b) any claims for fees, expenses or costs associated with this Action.

17. "Released Parties" means Defendants, their past or present officers, directors, members, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, their respective successors and predecessors in interest, subsidiaries, affiliates, parent entities and attorneys.

18. "Settlement" means the terms and conditions set forth in this Stipulation and Settlement Agreement.

19. "Settlement Order and Judgment" means an order and judgment issued by the Court, in substantially the form attached hereto as Exhibit B, approving the Settlement and this stipulation as binding upon the Parties and the Opt-in Plaintiffs and their counsel and dismissing the Complaint with prejudice.

20. "Stipulation" or "Agreement" means this Stipulation and Settlement Agreement.

## THE LITIGATION

21. The Action was originally filed by Plaintiff Jurjita Vaicaitiene on November 18, 2004. The Complaint contained claims for alleged violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and New York State Labor Law. By decision dated July 6, 2005, Magistrate Judge Katz authorized Plaintiff to send notice of the Action, pursuant to the collective action provisions of the FLSA, to a class defined as:

> All current and former home health aide employees of Partners in Care who, during the three years preceding the date of this Opinion, worked in excess of forty hours per week and were not paid overtime at the rate of one and one-half times their regular wage.

Defendants were directed to, and did, furnish names and addresses of the class to Plaintiff's Counsel. Notice was mailed on or about November 1, 2005. 623 individuals filed consent forms in response to this notice. Notice was subsequently mailed to an additional 137 individuals, in response to which 17 individuals filed consent forms. The opt-in period for the second notice closed on October 3, 2006.

22. Defendants contend, among other things, that no overtime wages were due plaintiff because pursuant to 29 C.F.R. § 552.109(a), home health aides such as plaintiff are generally exempt from FLSA overtime requirements. This exemption had been ruled invalid on July 22, 2004 by the Court of Appeals in <u>Coke</u> v. <u>Long Island Care At Home</u>, 376 F.3d 118 (2d

Cir. 2004). On June 11, 2007, the Supreme Court of the United States reversed the <u>Coke</u> decision. 127 S.Ct. 2339 (2007).

23.     Plaintiff contends that, notwithstanding the Supreme Court's reversal in <u>Coke</u>, overtime wages were due in instances where plaintiff worked more than forty hours in a week and expended at least twenty percent of her work time on general household work which she claims was not directly related to the care of defendants' clients. Defendants deny plaintiff's claims.

24.     The Parties have now achieved a settlement of this Action that is memorialized in this Stipulation and the Exhibits annexed hereto.

25.     Following entry of an order of Preliminary Approval, a copy of the Notice shall be mailed to each Opt-in Plaintiff in the manner provided in paragraph 33, for the purpose of advising them of the Settlement of this Action.

### INADMISSIBILITY OF SETTLEMENT AGREEMENT

26.     Except for purposes of settling this Action pursuant to the terms of this Stipulation, whether or not this Settlement is finally approved, neither the Settlement, nor any of its terms or Exhibits, nor any document, statement, or proceeding or conduct related to this Stipulation, or any reports or accounts thereof, shall in any event be: (a) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; (b) disclosed, referred to or offered or received in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding, except for purposes of settling this Action pursuant to the terms of this Stipulation; or (c) used in any other way or for any other purpose.

## INVESTIGATION IN THE COLLECTIVE ACTION

27. The Parties conducted significant investigation of the facts and law both before and after the Action was filed. Such discovery and investigations have included, <u>inter alia</u>, the exchange of information pursuant to formal discovery and informal discovery, meetings and conferences, interviews of potential witnesses and investigation of the applicable law as applied to the facts discovered regarding the claims of Plaintiff, the defenses thereto, and the damages claimed by Plaintiff.

## BENEFITS OF SETTLEMENT

28. Plaintiff has considered the expense and length of continued proceedings necessary to continue the Action against Defendants through trial and any possible appeals. Plaintiff has also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation. Plaintiff is also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, Defendants' defenses thereto, and the difficulties in establishing Plaintiff's damages. Based on the foregoing, Plaintiff has determined that the Settlement set forth in this Stipulation is fair, adequate and reasonable, and is in the best interests of the Opt-in Plaintiffs.

## DEFENDANTS' DENIALS OF WRONGDOING

29. Defendants contend that all of their employees have been compensated in compliance with the law, and that their conduct was not willful with respect to any alleged failure to pay any wages or benefits (including, but not limited to, overtime). Defendants have denied and continue to deny each of the claims and contentions alleged by Plaintiff in the Action. Defendants deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action, and believe that they have valid defenses to Plaintiff's claims. Neither this Stipulation, nor any document referred to or contemplated herein, nor any action taken to carry

out this Stipulation, may be construed as, or may be used as an admission, concession or indication by or against Defendants of any fault, wrongdoing, or liability whatsoever.

### RELEASE AS TO ALL OPT-IN PLAINTIFFS

30. Plaintiff and Opt-in Plaintiffs stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Settlement Order and Judgment shall have, expressly waived and relinquished the Released Claims. Even if the Plaintiff and/or any Opt-in Plaintiff may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, Plaintiff and each Opt-in Plaintiff shall upon the Effective Date be deemed to have and by operation of the Settlement Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims. This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff further agrees to execute a release in the form of Exhibit D hereto.

31. Plaintiff and Opt-in Plaintiffs agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to, arises out of, or is connected with the Released Claims. The Parties further acknowledge and agree that as an inducement for Defendants to enter into this agreement, and as a material condition thereof, Plaintiff's Counsel warrant and represent to Defendants that neither Stoecker nor the Stoecker Firm will, nor will they knowingly permit any of its attorneys, employees, agents or representatives to, solicit, assist or cooperate with any other persons or attorneys in any action against Defendants or either

Defendant arising out of or concerning actual or alleged issues arising under the Fair Labor Standards Act or New York State Labor Law, nor will they encourage any other person or attorney to commence or continue to prosecute any such action or proceeding.

## CHANGES TO CERTAIN OF DEFENDANTS' INTERNAL DOCUMENTATION

32. Defendants agree to modify certain internal documentation as set forth in Exhibit C, without admitting or conceding any legal necessity for such modification. The Parties agree that the contents of Exhibit C are confidential and while the Exhibit will be included as part of the Notice and included with this Stipulation when presented to the Court for preliminary approval, it will not be included when the document is submitted for filing. Should, for whatever reason, the Settlement not become final, the fact that Defendants were willing to change their documentation as set forth in Exhibit C as part of this Settlement shall not be used as evidence, and shall not be admissible, for any purpose in any proceeding. Defendants shall not be required as a part of this Settlement to enter into any Consent Decree, nor shall Defendants be required to agree to any provision for injunctive relief or specific performance, except as set forth herein.

## NOTICE/APPROVAL OF SETTLEMENT AND SETTLEMENT IMPLEMENTATION

33. As part of this Settlement, the Parties agree to the following procedures for obtaining Preliminary Approval of the Settlement and notifying Opt-in Plaintiffs:

(a) Counsel for the Parties shall jointly seek Preliminary Approval of the Settlement on the earliest practical date. In seeking the Court's Preliminary Approval, Counsel for the Parties will submit this Stipulation, together with the Exhibits attached hereto (including, but not limited to, the proposed form of Preliminary Approval attached hereto as Exhibit A) and any other documents necessary to implement the Settlement, to the Court for review.

(b) Notice of Settlement. Within 30 days after entry of the Preliminary Approval order as provided herein, Plaintiff's Counsel shall send copies of the Notice to all Opt-

in Plaintiffs via First Class regular United States mail. The Notice shall inform the Opt-in Plaintiffs of the Settlement and the procedures for objecting thereto. Opt-in Plaintiffs who wish to object to the Settlement must file with the Court and serve on counsel for the Parties a written statement objecting to the Settlement. Such written statement and any supporting briefs or other materials must be filed with the Court and served on counsel for the Parties no later than the Objection Deadline. No Opt-in Plaintiff shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Opt-in Plaintiff shall be received or considered by the Court at the Final Approval Hearing, unless the written statement of objections and supporting materials are timely filed and served as set forth herein. Opt-in Plaintiffs who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. Persons who are not Opt-in Plaintiffs may not object to the Settlement.

## NO SOLICITATION OF SETTLEMENT OBJECTIONS

34. The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Opt-in Plaintiffs or any other persons to submit written objections to the Settlement or to encourage Opt-in Plaintiffs to appeal or make any other application for relief from the Settlement Order and Judgment. However, if contacted by an Opt-in Plaintiff, Plaintiff's Counsel may provide advice or assistance regarding any aspect of the Settlement requested by such Opt-in Plaintiff.

## FEE AND EXPENSE AWARD

35. Defendants agree to pay to Plaintiff's Counsel the sum of $70,000 as the Fee and Expense Award herein, in accordance with the terms and conditions of this Stipulation. Plaintiff's Counsel shall not be permitted to petition the Court for, or accept, any additional payments for fees and expenses. The amount paid shall be for all claims for attorneys' fees and costs past, present and future incurred in this Action.

36. Unless any Opt-in Plaintiff objects to the Settlement, this Fee and Expense Award shall be paid to Plaintiff's Counsel by Defendants within fourteen (14) days following entry of the Settlement Order and Judgment, provided Defendants' documents and information have been returned as set forth in Paragraph 41. In the event such documents and information have not been returned, the award shall be paid immediately upon their receipt. If any Opt-in Plaintiff objects to the Settlement, such award will be paid upon the Effective Date, provided Defendants' documents and information have been returned as set forth in Paragraph 41. In the event such documents and information have not been returned, the award shall be paid immediately upon their receipt.

37. Payment of the Fee and Expense Award to Plaintiff's Counsel shall constitute full satisfaction of any obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Action incurred by any attorney on behalf of the Plaintiff or the Class, and shall relieve the Released Parties of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Plaintiff and/or the Class. Upon payment of the foregoing amount for attorney's fees and expenses, Plaintiff's Counsel will be deemed to have released the Released Parties from any and all claims resulting from the Action, including attorney's fees, expenses and/or costs.

### FINAL SETTLEMENT APPROVAL HEARING AND
### ENTRY OF SETTLEMENT AWARD AND/OR JUDGMENT

38. Following the Objection Deadline, the Parties will ask the Court to conduct a Final Approval Hearing to consider final approval of the Settlement. Upon final approval of the Settlement by the Court at or after such hearing, the Parties shall present the Settlement Order and Judgment to the Court for its approval and entry.

39. No person shall have any claim against the Released Parties, including but not limited to Defendants' Counsel; Plaintiff; or Plaintiff's Counsel based on mailings made in accordance with this Stipulation.

### NULLIFICATION OF SETTLEMENT AGREEMENT

40. In the event: (i) the Court does not enter any order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter the Settlement Order and Judgment as provided herein which becomes final as a result of the occurrence of the Effective Date; or (iv) the Settlement does not become final for any other reason, this Stipulation shall be null and void *ab initio* and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as withdrawn or vacated by stipulation of the Parties. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Stipulation, and the parties shall proceed in all respects as if this Stipulation had not been executed. In the event an appeal is filed from the Settlement Order and Judgment or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

### PRIVACY OF DOCUMENTS AND INFORMATION

41. Plaintiff and Plaintiff's Counsel agree that they will return to Defendants all documents and information provided to them by Defendants, as well as all copies thereof,

within twenty (20) days after entry of the Settlement Order and Judgment, and that none of the documents and information provided to them by Defendants shall be used for any purpose other than prosecution of this Action.

## PUBLICITY

42. Except for Plaintiff's Counsel's ability to render advice regarding the Settlement to Opt-in Plaintiffs as set forth in paragraph 34, neither Plaintiff nor Plaintiff's Counsel shall discuss (or assist or cause any third party to discuss) the subject matter of the Action or the Settlement with any person other than Defendants' Counsel, or Plaintiff's immediate family members or personal advisors, or as otherwise required by law.

43. Neither Plaintiff nor Plaintiff's Counsel will make any disparaging comments whatsoever about Defendants or any of their employees.

44. The Parties and their Counsel acknowledge and agree that for the purposes of any claims, actions, and/or proceedings arising out of this Agreement, notice provided to Plaintiff's Counsel shall be deemed to be notice to the Plaintiff.

## EXHIBITS AND HEADINGS

45. The terms of this Stipulation include the terms set forth herein and attached Exhibits A-D, which are incorporated by reference as though fully set forth herein. Any exhibits to this Stipulation are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Stipulation are inserted for convenience of reference only and do not constitute a part of this Settlement.

## INTERIM STAY OF PROCEEDINGS

46. The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, pending the Final Approval Hearing to be conducted by the Court.

## AMENDMENT OR MODIFICATION

47.     This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

## ENTIRE AGREEMENT

48.     This Stipulation and the attached exhibits constitute the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  All prior or contemporaneous negotiations, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.  Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, express or implied, not contained in this Stipulation.

## AUTHORIZATION TO ENTER INTO SETTLEMENT AGREEMENT

49.     Counsel for the Parties warrant and represent that they are authorized to enter into this Stipulation and to take all appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms, and to execute any other documents required to effectuate the terms of this Stipulation.  The Parties and their counsel agree to cooperate with each other and to use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Settlement, the Parties shall seek the assistance of the Court to resolve such disagreement.

## BINDING ON SUCCESSORS AND ASSIGNS

50. This Stipulation shall be binding upon, and inure to the benefit of, the heirs, beneficiaries, successors or assigns of Defendants, their Counsel, Plaintiff, Plaintiff's Counsel and the Opt-in Plaintiffs.

## GOVERNING LAW

51. All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the Federal Rules of Civil Procedure and the Fair Labor Standards Act, where applicable, and the laws of the State of New York, regardless of its conflict of laws.

## COUNTERPARTS

52. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

## COOPERATION AND DRAFTING

53. Each of the parties has cooperated in the drafting and preparation of this Stipulation; hence the drafting of this Stipulation shall not be construed against any of the Parties.

## JURISDICTION OF THE COURT

54. Any dispute regarding the interpretation or validity of or otherwise arising out of this Stipulation, or relating to the Action or the Released Claims, shall be subject to the exclusive jurisdiction of the Court, and the Parties and Opt-in Plaintiffs agree to submit to the personal and exclusive jurisdiction of the Court. The Court shall retain jurisdiction solely with respect to the interpretation, implementation and enforcement of the terms of this Stipulation and all orders and judgments entered in connection therewith, and the Parties, the Opt-in Plaintiffs,

and their counsel shall submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Stipulation and all orders and judgments entered in connection therewith.

### INVALIDITY OF ANY PROVISION

55.  The Parties request that before declaring any provision of this Stipulation invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

### PLAINTIFF'S WAIVER OF RIGHT TO BE EXCLUDED AND OBJECT

56.  By signing this Stipulation, Plaintiff agrees to be bound by the terms herein and further agrees not to request to be excluded from the Opt-in Plaintiffs and agrees not to object to any of the terms of this Stipulation. Any such request for exclusion or objection shall therefore be void and of no force or effect.

**PLAINTIFF**

Dated: 03.27.08

_____
Jurgita Vaicaitiene

**PLAINTIFF'S COUNSEL**

KARL J. STOECKER, ESQ.

Dated: 3/27/08

_____

Attorney for Plaintiff
18 East 41st Street, Suite 1501
New York, New York 10017
Telephone: (212) 818-0080

|  |  |
|---|---|
|  | **DEFENDANT PARTNERS IN CARE, INC.** |
| Dated: 3/26/2008 | By: _____<br>Marki Flannery<br>President |
|  | **DEFENDANT VISITING NURSE SERVICE OF NEW YORK, INC.** |
| Dated: 3/25/08 | By: _____<br>Denise M. Davin<br>Vice President for Human Resources and Labor Counsel |
|  | **DEFENDANTS' COUNSEL**<br><br>CADWALADER, WICKERSHAM & TAFT LLP |
| Dated: 3/31/08 | By: _____<br>Kathy H. Chin |

Attorneys for Defendants
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000

SO ORDERED: 5/28/08

_____

-16-